UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT COURBOIN,

        Plaintiff,

vs.

COMMONWEALTH FINANCIAL
SYSTEMS, INC.,

        Defendant

Case No.:

## COMPLAINT AND JURY DEMAND

Plaintiff, Robert Courboin, on behalf of himself ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, Commonwealth Financial Systems, Inc. ("CFS"), and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of 15 USC §1692 *et. seq.*, the Fair Debt Collection Practices Act ("FDCPA"), Florida Consumer Collections Practices Act ("FCCPA"), and Fla. Stat. §559, *et seq.*, all of which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 USC §1331 and 15 USC §1692k (d) and supplemental jurisdiction for the state law claims pursuant to 28 USC §1367.

3. Venue is proper in this district under 28 USC §1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in the in the city of Clearwater, Pinellas County, state of Florida, is a "consumer" as defined by 15 USC §1692a(3) and Fla. Stat. §559(2) and is otherwise *sui juris*.

5. Defendant, CFS, is a foreign profit corporation that conducts business in the state of Florida, with its corporate mailing address as 245 N Main Street, Dickson City, PA 18519, and is a "debt collector" as defined by 15 U.S.C §1692a(6).

## FACTUAL STATEMENT

6. Upon information and belief, and at all times relevant to this litigation, Defendant, CFS, has engaged in a course of collection attempts on a consumer debt allegedly owed by Plaintiff. The alleged debt originated with a medical services provider. Debt derived from medical services has long been recognized by the Federal Trade Commission to be "consumer debt," as that term is defined by the FDCPA.

7. The collection attempts by CFS were inclusive of, but not limited to, telephonic communication attempts.

8. In or around January of 2017, Plaintiff viewed a copy of his credit report. Upon review, a trade line furnished by Defendant, CFS, was present and listed a medical services provider as the origination of the debt underlying the trade line.

9. Shortly thereafter, Plaintiff sent Defendant a written dispute letter dated February 2, 2017 requesting any and all information and documentation to substantiate the alleged debt ("Dispute Letter"). A copy of the Dispute Letter is attached hereto as Exhibit "A".

10. Defendant never responded to Plaintiff's Dispute Letter.

11. Despite Plaintiff's Dispute Letter, Defendant continued to harass Plaintiff with voluminous telephonic collection attempts.

12. With no response to Plaintiff's Dispute Letter, and with Defendant continuing with the course of telephonic collection attempts, Plaintiff caused a letter to be sent to Defendant requesting a cessation of Defendant's telephonic communication attempts. The "do not call" letter was sent via facsimile to Defendant at (781) 529-9297 on April 18, 2017 ("Second Letter"). A "successful transmission" report was generated upon sending of the facsimile. A copy of the request for cessation of telephonic communication and a copy of the transmission report are attached hereto respectively as Exhibits "B" and "C."

13. Defendant placed a total of four (4) calls to Plaintiff after the Second Letter requesting a cessation on telephonic contact was successfully transmitted. The calls were placed on April 19, 20, 21 and 22, 2017.

14. Plaintiff viewed his credit report a second time on May 3, 2017. Defendant's trade line was still present on Plaintiff's credit report. Defendant updated, or re-reported, the trade line on March 3, 2017, a full month after the date of Plaintiff's Dispute Letter.

15. The updated, or re-reported trade line was devoid of any indication that the debt was disputed.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT
## 15 U.S.C. § 1692, *et seq.*

16. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 15 above and incorporates them as if set forth specifically herein.

17. Upon information and belief, and at all times relevant to this litigation, CFS engaged in a course of collection attempts on a consumer debt allegedly owed by Plaintiff.

18. Defendant's collection attempts were inclusive of, but not limited to, telephonic communications attempts.

19. Plaintiff caused a "do not call" letter to be sent to Defendant via facsimile on April 18, 2017. See attached Exhibits "B" and "C".

20. Defendant placed a total of four (4) telephone calls, on April 19, 20, 21 and 22, 2017, in an attempt to collect a debt, after Plaintiff's successful transmission of a written request to cease telephonic communications had been received by Defendant.

21. Defendant's failure to abide by the written request for cessation of telephonic communication attempts is violative of 15 U.S.C. §1692c(c), wherein it is a violation of the FDCPA to continue to contact a consumer who has either requested in writing that communication cease or that he or she refuses to pay the debt.

22. Upon Plaintiff's review of his credit report in early January 2017, Plaintiff noticed a trade line furnished by Defendant. The trade line listed medical services as originator of the underlying debt.

23. Upon review of the credit report, Plaintiff sent Defendant a dispute letter requesting validation of the debt. Plaintiff has, as of the date of this filing, received no response from Defendant.

24. On May 3, 2017, Plaintiff again reviewed his credit report and Defendant's improper trade line was still present, in the same form as when Plaintiff viewed same in early January 2017. There was no indication that the debt was in dispute. Defendant had updated, or re-reported, the debt on March 3, 2017.

25. Defendant, by virtue of Defendant's failure to report the debt as one in a state of dispute, has violated 15 U.S.C. §1692e(8), wherein it is a violation of the FDCPA to communicate

credit information that a debt collector knows, or should know, to be false, inclusive of the failure to communicate that a disputed debt is dispute.

26. Defendant's actions, as outline above, are in violation of 15 USC §1692c(c), and 15 USC §1692(e)(8)

27. Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff, Robert Courboin, requests that this Court enter judgment against Defendant, and in favor of Plaintiff as follows:

    A. Declaring Defendant's actions, as described above, in violation of the FDCPA;

    B. Granting Plaintiff actual damages pursuant to 15 USC §1692k(a)(1);

    C. Granting Plaintiff statutory damages pursuant to 15 USC §1692k(a)(2)(A);

    D. Granting Plaintiff an award for costs and reasonable attorneys' fees pursuant to 15 USC §1692k(a)(3); and

    E. Granting such other and further relief as may be just and proper.

### COUNT II
### VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT
### FLA. STAT. § 559, *et esq.*

28. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 15 above and incorporates them as if set forth specifically herein.

29. Upon Plaintiff's review of his credit report in early January of 2017, he noticed a trade line furnished by Defendant. The trade line listed medical services as the originator of the alleged underlying debt.

30. Upon review of his credit report, Plaintiff sent Defendant a dispute letter requesting validation of the debt. Plaintiff has, as of the date of this filing, received no response from Defendant.

31. On May 3, 2017, Plaintiff again reviewed his credit report. Defendant's trade line was still present in the same form as when Plaintiff viewed same in early January 2017. There was no indication that the debt was in dispute. Defendant had actually updated, or re-reported, the debt on March 3, 2017.

32. Defendant, by virtue of Defendant's failure to report the debt as one in a state of dispute, has violated Fla. Stat. §559.72(6), wherein it is a violation to disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing the fact that it has been disputed.

33. Plaintiff has been damaged and is entitled to relief.

WHEREFORE, Plaintiff, Robert Courboin, requests that this Court enter judgment against Defendant, and in favor of Plaintiff as follows:

A. Declaring Defendant's actions, as described above, in violation of the FCCPA;

B. Granting Plaintiff actual damages pursuant Fla. Stat. §559.77(2);

C. Granting Plaintiff statutory damages pursuant to Fla. Stat. §559.77(2);

D. Granting Plaintiff costs and reasonable attorneys' fees pursuant Fla. Stat. §559.77(2); and

E. Granting such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

47. Plaintiff demands a trial by jury on all issues so triable.

Dated: May 9, 2017

Respectfully Submitted,

        **WEISS LAW GROUP, P.A.**
        *Attorneys for Plaintiff*
        5531 N. University Drive
        Suite 103
        Coral Springs, FL 33067
        Tel: (954) 573-2800
        Fax: (954) 573-2798

        BY:  /s/ Jason S. Weiss
               Jason S. Weiss
               Jason@jswlawyer.com
               Florida Bar No. 356890

        **Of Counsel to the Firm:**
        Law Offices of Michael Lupolover
        180 Sylvan Avenue, Suite 5
        Englewood Cliffs, NJ 07632
        201-461-0059
        david@lupoloverlaw.com

April 18, 2017

Commonwealth Financial Systems, Inc
245 N Main St, Dickson City, PA 18519

    **Name:**    **Robert C Courboin**

    **Telephone Number:**    **(863) 450-4383**

To Whom It May Concern,

I have been receiving an overwhelming volume of collection calls. These collection calls have greatly inconvenience me, and have been the source of significant stress and anxiety for me and my family. Please do not call me in the future for any reason at the number listed above nor any other telephone number whatsoever.

If you need to contact me for any reason, you may direct any and all correspondence to my address listed below.

Sincerely,

Robert C Courboin

Lakeland, FL



EXHIBIT A

Commonwealth Financial
245 Main St
Scranton, PA   18519

Robert C Courboin

Lakeland

February 3, 2017

To whom,

Your firm has purchased (?) a *supposed* debt in the amount of $1402.00 dated around November 12th, 2012 and has done the following:

    a. placed a collection with 2 of the 3 credit bureaus
    b. Obnoxiously places almost daily phone call which do NOT connect to a human, just a message of some sort.

In response, I demand Proof of Debt. For this proof, I want more than a 1 line
" balance $1402"
I want a detailed invoice explaining this supposed debt.

I would explain why you are wrong, but I'm not a great typist and since you're too busy to actually call and inquire, I'll stop with Proof of Debt.

I will say that you're the 4th or 5th to purchase the supposed debt and none of the previous debt buyers have found this proof and have walked away. Get me the proof and I will pay this debt. I did not acquire a 800+ credit score ( before your collection notice) by not paying correct invoices.

I expect that either you supply this Proof promptly or remove all references of it from the credit bureaus.

awaiting


Robert C Courboin



EXHIBIT B




## Successful transmission to 17815299297. Re: Robert C Courboin
1 message

**MetroFax** <NoReply@metrofax.com>   Tue, Apr 18, 2017 at 5:34 PM



Hi A,                                                                **Re: Robert C Courboin**

The fax you sent through MetroFax to 17815299297 was successfully transmitted.

**Fax Details**

| | |
|---|---|
| **Date:** | 2017-04-18 21:34:25 (GMT) |
| **Number of Pages:** | 2 |
| **Length of Transmission:** | 50 seconds |
| **Receiving Machine Fax ID:** | Fax Server |

If you have any questions, please call us at (888) 321-3121 ext. 2 or visit our online help center at https://www.metrofax.com/support.

Thank you for using the MetroFax service.

Sincerely,
The MetroFax Team



© 2017 j2 Global, Inc. and affiliates. All rights reserved.
MetroFax is a registered trademark of j2 Global, Inc. and affiliates
6922 Hollywood Blvd., Los Angeles, CA 90028

Your use of the MetroFax service is subject to the terms of the MetroFax Customer Agreement.



EXHIBIT C